**ZONIES LAW LLC**
Joseph J. Zonies, SB# CO 29539 (Appearing Pro Hac Vice)
 E-Mail: jzonies@zonieslaw.com
1700 Lincoln Street, Suite 2400
Denver, CO 80203
Tel: (720) 464-5300
Fax: (720) 464-5347

**LEWIS BRISBOIS BISGAARD & SMITH LLP**
SHAWN A. TOLIVER, SB# 148349
 E-Mail: Shawn.Toliver@lewisbrisbois.com
JOHN R. MEEHAN, SB# 125414
 E-Mail: John.Meehan@lewisbrisbois.com
BRYAN G. CEGLIO, SB# 312682
 E-Mail: Bryan.Ceglio@lewisbrisbois.com
2185 North California Boulevard, Suite 300
Walnut Creek, California 94596
Telephone: (925) 357-3456
Facsimile: (925) 478-3260

Attorneys for Respondent
U.S. CENTER FOR SAFESPORT

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES WHITE, an individual,<br><br>  Petitioner,<br><br> vs.<br><br>U.S. CENTER FOR SAFESPORT, a Colorado non-profit corporation,<br><br>  Respondents. | Case No. 22-cv-04468-JD<br><br>**RESPONDENT'S REPLY TO PETITIONER'S MOTION FOR LEAVE TO SUBMIT ADDITIONAL EVIDENCE**<br><br>Date:   January 12, 2023<br>Time:   10:00 a.m.<br>Courtroom: 11 |

Respondent, U.S. Center for SafeSport (the "Center"), objects to the Petitioner's untimely request for leave to submit additional evidence as the documents being proffered are wholly irrelevant to resolution of the Motion to Vacate that is before the Court.

I. **BACKGROUND**

On October 27, 2022, Petitioner filed his Reply brief in this matter which included new vague accusations of a purportedly "undisclosed" $10,400 payment from the Center to JAMS, the



arbitration provider in the underlying arbitration. *See* Petitioner Charles White's Reply in Support of Motion to Vacate Arbitration Award (Doc. 24) at 1-2. Petitioner did not present any evidence about how this payment was improper or somehow influenced the arbitral decision. Instead, Petitioner implied the arbitrator was biased because the invoice "was not communicated" to Petitioner until months after the arbitration was concluded. (*Id.* at 6.) This is false.

As shown below, *before the arbitration* was concluded, JAMS provided the purportedly "undisclosed" invoice to the Center *and* to Howard Jacobs, Esq., Petitioner's counsel here and in the underlying arbitration. (*See* Ex. A to Declaration of Joseph J. Zonies.) The invoice for $10,400 was a bill for two extra days of arbitration which were requested by the Center *and* Petitioner. At the time the bill was issued, Petitioner did not object to the invoice nor did he ever object to the Center's payment of the bill.

Compensating the arbitrator for her work was proper. Moreover, the billing was fully and timely disclosed to Petitioner's counsel. The JAMS billing statements Petitioner seeks leave to introduce, bills which have been in his possession for months, do not support any claim of bias or impartiality. Hence, they are irrelevant to his Motion to Vacate the arbitration decision. And Petitioner's Motion should be denied.

## II.     **ARGUMENT**

Under the SafeSport Code, an arbitration is supposed to last no more than a single eight-hour day. (*See* Declaration of Joseph J. Zonies at 5.) Typically, the Respondent in the arbitration, here, Petitioner White, is responsible for paying a flat fee for that day of $5,200. (*Id.*)

The arbitration in this matter was scheduled for a single day hearing on April 19, 2022. (*Id.* at 6.) Mr. White paid the flat fee of $5,200 for that day. (*Id.* at 5.) During that day, it became evident that, due to the number of witnesses, at least one additional hearing day would be required to complete the arbitration. The Center, Petitioner, and the Arbitrator all agreed to continue the arbitration on a second day which was scheduled for April 20, 2022. (*Id.* at 6.) At the conclusion of the second day, the Center, Petitioner, and the Arbitrator agreed to complete closing arguments on a third hearing day which was scheduled for April 22, 2022. (*Id.*)

On April 22, 2022, at 6:08 a.m. MST, *before* closing arguments were scheduled to be


4857-8340-8197.1                                    2                                    Case No. 22-cv-04468-JD
RESPONDENT'S REPLY TO PETITIONER'S MOTION FOR LEAVE TO SUBMIT ADDITIONAL EVIDENCE

1  made, the billing department for JAMS issued an invoice for $10,400 payable by the U.S. Center
2  for SafeSport.  (*See* Ex. A to Declaration of Joseph J. Zonies, Esq.)  The invoice was for $5,200
3  per day for each additional hearing day agreed to by the parties and the Arbitrator.  (*Id.*)
4  Importantly, Petitioner's counsel here *and* in the arbitration, Mr. Jacobs, was copied on the email
5  attaching the invoice. *(Id.)* Accordingly, before closing arguments in the arbitration, before the
6  arbitral award was issued, and months before filing his Motion to Vacate the Arbitration Award,
7  JAMS provided Petitioner's counsel, Mr. Jacobs, with the very invoice which Petitioner now
8  claims he never received and only recently discovered.

## III. CONCLUSION

Plainly, there was no "undisclosed" invoice nor hidden payment.  Petitioner's counsel was fully apprised of the fee arrangement Petitioner now complains is proof of bias and collusion.  The evidence Petitioner seeks leave to submit in support of this allegation of bias is therefore irrelevant.  Moreover, because Petitioner's counsel has had the offending invoice in his possession since the day it was issued, Petitioner's request to submit this evidence now is untimely.  The Motion should be denied.

DATED:  December 20, 2022        ZONIES LAW LLC

By:    /s/ *Joseph J. Zonies*
JOSEPH J. ZONIES (Appearing *pro hac vice*)
Attorneys for Respondent U.S. CENTER FOR SAFESPORT

DATED:  December 20, 2022        LEWIS BRISBOIS BISGAARD & SMITH llp

By:    /s/ *John R. Meehan*
JOHN R. MEEHAN
Attorneys for Respondent U.S. CENTER FOR SAFESPORT