UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CHARLES WHITE,

        Petitioner,

   v.

U.S. CENTER FOR SAFESPORT,

        Respondent.

Case No.  3:22-cv-04468-JD

**ORDER TO SHOW CAUSE AND RE SEALING**

     Respondent U.S. Center for SafeSport (SafeSport) is a nonprofit organization with "jurisdiction over the [United States Olympic and Paralympic Committee] and each national governing body with regard to safeguarding amateur athletes against abuse, including emotional, physical, and sexual abuse, in sports."  36 U.S.C. § 220541(a)(1)(B).  Congress authorized SafeSport to determine the eligibility status of participants in the Olympic and Paralympic Movement.  *See id.* § 220541(c)(1).

     SafeSport investigated allegations that petitioner Charles White, a 61-year-old former riding instructor, horse trainer, and longtime member of the United States Equestrian Federation (one of the national governing bodies), engaged in sexual misconduct.  Dkt. No. 1 ¶¶ 6, 10-11.  At the conclusion of the investigation, SafeSport determined by a preponderance of the evidence that White had engaged in multiple acts of sexual misconduct, and permanently banned White from participating in the Olympic and Paralympic Movement.  *See* Dkt. No. 9-4.[1]

---

[1] The parties' administrative motions to file under seal, Dkt. Nos. 9, 21, 23, and 36, are granted. "Judicial records are public documents almost by definition, and the public is entitled to access by default."  *In re Google Play Store Antitrust Litig.*, 556 F. Supp. 3d 1106, 1107 (N.D. Cal. 2021) (cleaned up).  In this case, however, the documents sought to be sealed are designated as "confidential" by statute, 36 U.S.C. § 220541(f)(4)(C)(i), or are otherwise derivative of those confidential documents or designated as confidential under the SafeSport Code, *see* Dkt. No. 7 at ECF pp. 51-52, 55-56.  The contents of the sealed documents are discussed as necessary for the issues raised by the petition.

United States District Court
Northern District of California

White sought a review of the ban by an arbitrator, as permitted by SafeSport's governing code. *See* Dkt. No. 1 ¶ 15. Caroline Antonacci of Judicial Arbitration and Mediation Services (JAMS) was appointed as arbitrator, presided over a three-day evidentiary hearing that featured witness testimony and other evidence, and issued a written decision affirming the ban. *See id.* ¶¶ 16-17; Dkt. No. 9-3. White petitioned the Court under Section 10 of the Federal Arbitration Act (FAA), 9 U.S.C. § 10, to vacate the arbitration award. *See* Dkt. Nos. 1, 6.

The Court held an initial hearing with the parties about White's allegation that a payment of fees by SafeSport may have improperly influenced the arbitrator's decision. *See* Dkt. No. 41. Upon further review of the record, the Court has independently determined that there is an unanswered question of whether it has subject-matter jurisdiction over White's petition. *See Ruby Creek Ranch, LLC v. Cardoni* (*In re Cardoni*), No. 3:22-cv-01616-JD, 2023 WL 2374704, at *1 (N.D. Cal. Mar. 6, 2023); *see also United States v. Ruiz*, 536 U.S. 622, 628 (2002) ("[I]t is familiar law that a federal court always has jurisdiction to determine its own jurisdiction."). Although the FAA authorizes "applications to confirm, vacate, or modify arbitral awards (under Sections 9 through 11)," the Supreme Court has concluded that "those provisions . . . do not themselves support federal jurisdiction." *Badgerow v. Walters*, 142 S. Ct. 1310, 1316 (2022). Consequently, an individual seeking "to vacate an arbitral award under Section 10 must identify a grant of jurisdiction, apart from Section 10 itself, conferring 'access to a federal forum.'" *Id.* (quoting *Vaden v. Discover Bank*, 556 U.S. 49, 59 (2009)). "If she cannot, the action belongs in state court." *Id.*

White invokes the Court's diversity jurisdiction. Dkt. No. 1 ¶ 9. Diversity jurisdiction arises when a plaintiff sues a citizen of a different state over an amount in controversy exceeding $75,000. 28 U.S.C. § 1332(a); *see also Bay Bread, LLC v. Lemonade Rest. Grp., LLC*, No. 21-cv-02979-JD, 2023 WL 1802414, at *1 (N.D. Cal. Feb. 7, 2023). "When a complaint seeks nonmonetary relief, 'the amount in controversy is measured by the value of the object of the litigation.'" *Maine Cmty. Health Options v. Albertsons Cos., Inc.*, 993 F.3d 720, 723 (9th Cir. 2021) (quoting *Hunt v. Wash. State Apple Advert. Comm'n*, 432 U.S. 333, 347 (1977)). "In suits not seeking monetary relief, if the value of the thing to be accomplished is equal to the dollar

2

minimum of the jurisdictional amount requirement to anyone concerned in the action, then jurisdiction is satisfied." *Id.* (cleaned up).  As the proponent of federal jurisdiction, White "bear[s] the burden of 'demonstrating that jurisdiction is appropriate.'" *CCSAC, Inc. v. Pac. Banking Corp.*, No. 20-cv-02102-JD, 2021 WL 949369, at *1 (N.D. Cal. Mar. 12, 2021) (quoting *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004)).

To determine whether an action brought under Section 10 has an independent basis of subject matter jurisdiction, the Court looks to the petition itself, and not through it to the underlying dispute that triggered the arbitration.  *See Badgerow*, 142 S. Ct. at 1316-18.  In the petition to vacate the arbitrator's decision, White states only that "the amount in controversy, exclusive of interest and costs, exceeds $75,000."  Dkt. No. 1 ¶ 9.  He also says that allowing the arbitration award to stand will cause him "irreparable and permanent harm . . . in every aspect of his life." *Id.* ¶ 19.  White added an allegation in his motion papers to the effect that his "hay sales business has suffered since the beginning of the SafeSport process" and he has lost "significant hay sales contracts in response to the wide-spread misinformation spread on social media regarding the allegations."  Dkt. No. 6 at 7 n.2.  Even if the Court were to take this into account, which is arguably inappropriate under *Badgerow*, a dollar value for this allegation was not presented.

The jurisdictional problem for White is that the petition seeks only to vacate the lifetime ban upheld by the arbitrator.  This is non-monetary relief, and White did not provide any factual or legal grounds for putting a dollar value on it that might satisfy the jurisdictional threshold.  Although a good-faith allegation of the amount in controversy for diversity jurisdiction purposes is typically accepted, *see Maine Cmty. Health Options*, 993 F.3d at 723, the diversity statute is strictly construed and any doubts are resolved against finding jurisdiction, *see Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1092 (9th Cir. 1983); *California v. AbbVie Inc.*, 390 F. Supp. 3d 1176, 1180 (N.D. Cal. 2019).  White did not meaningfully link vacatur of the arbitrator's decision to his allegation of the amount in controversy, and so the Court cannot evaluate whether he has plausibly alleged that the requisite amount is in controversy.

Consequently, White is ordered to show cause in writing by April 7, 2023, why his petition should not be dismissed without prejudice for lack of subject-matter jurisdiction.  The motion to vacate, Dkt. No. 6, is administratively terminated pending further order.  Failure to comply with this order will result in dismissal without prejudice under Federal Rule of Civil Procedure 41(b). In lieu of responding to the OSC, White may also, by the same deadline, dismiss the case without prejudice in favor of pursing potential remedies in state court.

**IT IS SO ORDERED.**

Dated:  March 21, 2023

_____
JAMES DONATO
United States District Judge

United States District Court
Northern District of California

4