UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES WHITE,<br><br>        Petitioner,<br><br>    v.<br><br>U.S. CENTER FOR SAFESPORT,<br><br>        Respondent. | Case No. 22-cv-04468-JD<br><br>**SECOND ORDER RE DISMISSAL** |

Petitioner Charles White has had several opportunities to establish subject matter jurisdiction over his petition to vacate an arbitration award. After the last occasion, when White filed an amended petition with revised jurisdictional allegations, the parties essentially stopped litigating the case. The Court directed the parties to make a decision about their course of action, Dkt. No. 51, which resulted in further litigation of the jurisdictional question, *see* Dkt. Nos. 52, 55, 57. The parties' familiarity with the record is assumed, and the case is dismissed for lack of subject matter jurisdiction.

The reasons for dismissal are straightforward. Congress designated respondent United States Center for SafeSport (SafeSport) to investigate and adjudicate allegations of sexual abuse and misconduct within U.S. Olympic and Paralympic organizations. *See* 36 U.S.C. § 220541(a). After conducting an investigation, SafeSport determined that White, a horse trainer and riding instructor, had engaged in sexual misconduct for three decades with minors and adult women in equestrian sports. Dkt. No. 9-4.[1] SafeSport imposed a lifetime ban on White's participation in Olympic and Paralympic activities. *Id*. SafeSport's rules gave White the opportunity to request a

---

[1] The parties treated the SafeSport decision (Dkt. No. 9-4), and the ensuing arbitration decision (Dkt. No. 9-3), as confidential. They are filed under seal here.

review of the lifetime ban by an arbitrator, *see* Dkt. No. 7 at ECF pp. 55-68, which he elected to do. The arbitrator agreed with the lifetime ban. Dkt. No. 9-3.

White filed a petition to vacate the arbitration decision under Section 10 of the Federal Arbitration Act (FAA), 9 U.S.C. § 10. Dkt. No. 1 ¶ 8. The petition alleged traditional diversity jurisdiction as the grounds for being in federal court. *Id*. ¶ 9. The problem for White was that the petition sought only to vacate the arbitrator's decision or otherwise remand it for reconsideration. *Id. ¶* 5. Nothing in the petition demonstrated that the amount in controversy exceeded $75,000 as required to establish diversity jurisdiction. 28 U.S.C. § 1332(a). Consequently, the Court ordered White to show cause why the case should not be dismissed for lack of subject matter jurisdiction. *See* Dkt. No. 42.

White's response did not allay the jurisdiction concern. White filed a declaration alleging that he had lost more than $75,000 in income as a hay dealer and horse stable operator "as a direct result" of the arbitration decision. Dkt. No. 44 ¶ 4. But White did not amend the petition to vacate with these allegations, and so the Court dismissed the petition with leave to "articulate the basis for his claim that the amount-in-controversy requirement is satisfied for purposes of diversity jurisdiction," among other possible amendments. Dkt. No. 47.

White filed an amended petition to include the hay dealer and stable operator losses mentioned in his declaration. Dkt. No. 48 ¶ 10. White again contends that the losses were "a direct result of [the arbitrator's] decision, which upheld the sanction of lifetime ineligibility to participate in sport." *Id*.

White's use of "upheld" captures the flaw in his allegation of subject matter jurisdiction. SafeSport imposed the lifetime ban on White. Dkt. No. 9-4. Vacating the arbitration decision or remanding for new arbitration proceedings, which is the sole relief White seeks in the amended petition, *see* Dkt. No. 48 ¶ 5, might start the arbitration process anew, but it would not overrule or otherwise reverse the ban imposed by SafeSport. The SafeSport ban remains in full effect unless an arbitrator were to decide otherwise, which has not happened.

It necessarily follows that vacating the arbitration decision would not restore to White the income he says he lost in his hay and stables businesses. Because the SafeSport ban would remain

1    in place even if White prevailed on his petition, he would not get a penny out of vacating the

2    arbitration decision.

3          Consequently, White has not carried his burden of demonstrating that the amount in

4    controversy satisfies the statutory requirement of $75,000 for diversity jurisdiction.  *See Agustin v.*

5    *Su*, No. 23-CV-02131-JD, 2024 WL 308261, at *2 (N.D. Cal. Jan. 26, 2024) ("Once challenged,

6    the party asserting subject matter jurisdiction has the burden of proving its existence.") (quoting

7    *Rattlesnake Coal. v. E.P.A.*, 509 F.3d 1095, 1102 n.1 (9th Cir. 2007)).  As the Court stated in its

8    order to show cause, Dkt. No. 42 at 2-3, when the goal of an action is nonmonetary relief, "the

9    amount in controversy is measured by the value of the object of the litigation."  *Maine Cmty.*

10   *Health Options v. Albertsons Cos., Inc.*, 993 F.3d 720, 723 (9th Cir. 2021) (quoting *Hunt v.*

11   *Washington State Apple Advert. Comm'n*, 432 U.S. 333, 347 (1977)).  Because a remand for

12   further arbitration proceedings would not terminate or reverse the SafeSport ban, and would not

13   restore the lost income White alleges, White cannot demonstrate that the amount in controversy

14   meets the statutory threshold for diversity jurisdiction.  *See Maine Cmty.*, 993 F.3d at 723 ("In

15   suits not seeking monetary relief, if the value of the thing to be accomplished is equal to the dollar

16   minimum of the jurisdictional amount requirement to anyone concerned in the action, then

17   jurisdiction is satisfied.") (cleaned up).

18         This is enough to dismiss the case for lack of subject matter jurisdiction.  The parties

19   debated the application of *Badgerow v. Walters*, 596 U.S. 1 (2022), in which the Supreme Court

20   held that the determination of subject matter jurisdiction over petitions to vacate under the FAA

21   looks only to "the face of the application itself."  *Id.* at 9.  It is true, as White says, that *Badgerow*

22   involved federal question jurisdiction, but there is no good reason why an FAA petition based on

23   diversity jurisdiction should be treated any differently.  White certainly did not present one.

24         But the Court need not decide that question because, as discussed, White's petition comes

25   up short under established principles of diversity jurisdiction.  White's citation to *Theis Research,*

26   *Inc. v. Brown & Bain*, 400 F.3d 659 (9th Cir. 2005), does not lead to a different conclusion.  In

27   *Theis*, the plaintiff arbitrated a malpractice claim against its lawyers arising out of a patent case

28   that the arbitrator described as "an almost unmitigated disaster" for client and counsel.  *Id.* at 662.

3

1  The arbitrator denied monetary recovery to both sides. *Id*. The plaintiff filed in federal court an "application and notice of motion" to vacate the arbitration decision, and a complaint seeking damages against the law firm in excess of $200 million. *Id*. The law firm filed a motion to confirm the arbitration decision. *Id.* The district court denied vacatur, granted confirmation, and entered summary judgement in favor of the law firm on the damages claim. *Id*.

For reasons not germane here, the circuit court called *sua sponte* for briefing on whether the amount in controversy satisfied the diversity jurisdiction threshold, an issue neither party had raised. *Id.* at 662-63. The circuit court concluded that diversity jurisdiction should be determined by "the amount at stake in the underlying litigation." *Id*. at 662-65. Because the plaintiff "sought to obtain by its district court complaint substantially what it had sought to obtain in the arbitration," the circuit court had no trouble concluding that the prayer for more than $200 million in damages established the required amount in controversy. *Id*.

None of this has much to do with the situation here. This is not a case where there the arbitration involved damages claims vastly exceeding $75,000. It is also not clear that *Theis* survives *Badgerow* and its rejection of the "look-through" approach to subject matter jurisdiction. *See Badgerow*, 596 U.S. at 9.

White has had three opportunities to establish subject matter jurisdiction, starting with the original petition. Further opportunity to amend is unwarranted. The case is dismissed on jurisdictional grounds without prejudice to a vacatur proceeding in state court, as circumstances might permit.

**IT IS SO ORDERED.**

Dated: September 18, 2024

JAMES DONATO
United States District Judge

4